UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TWINKAL PATEL, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-00097** |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES** | **SECTION "O"** |

## ORDER AND REASONS

Plaintiffs Twinkal and Sandip Patel, *pro se*, filed this lawsuit against the Director of the United States Citizenship and Immigration Service ("USCIS") in which they seek "to compel USCIS to act [on their marriage-based immigrant visa applications] to keep [their] family together."[1] Mr. Patel claims that USCIS has unreasonably delayed in adjudicating his request for an I-485 application for adjustment of status. Mrs. Patel claims that USCIS has unreasonably delayed adjudication of her I-310 petition for alien relative on behalf of her husband. USCIS moved to dismiss the Patels' complaint for lack of subject matter jurisdiction and, alternatively, for failure to state a claim upon which relief may be granted.[2] USCIS's motion was noticed for submission on June 11, 2025, making Plaintiffs' response due June 3, 2025. *See* LOCAL CIVIL RULE 7.5. No response was filed. So the Court considers the motion to dismiss unopposed.

The unopposed motion has merit. Because the Court lacks jurisdiction, the motion will be granted, and Plaintiffs' claims will be dismissed without prejudice.

---

[1] ECF No. 1.
[2] ECF No. 5. Counsel for USCIS certified that its motion had been served on the Plaintiffs at both addresses provided in the Complaint (one in Amite, LA and one in Dover, DE).

I.    **BACKGROUND**

The USCIS New Orleans Field Office "presently has a median processing time for family-based adjustment of status applications of 41 months."[3] Applicants may review approximate adjudication timing by consulting the USCIS website.[4]

In October 2017, Sandip Patel, a non-U.S. citizen and Indian national, was placed in immigration removal proceedings upon the filing of a notice to appear.[5] Thereafter, in December 2020, Twinkal Patel, a U.S. citizen, filed a Form I-130 Petition for Alien Relative on behalf of her husband, Sandip, thus commencing the process for Mr. Patel to obtain lawful permanent resident status (colloquially known as a green card).[6] Mrs. Patel's I-130 petition was approved by USCIS on March 27, 2023.[7] On November 6, 2023, Mr. Patel filed his Form I-485 Adjustment of Status petition.[8] According to the Patels, USCIS "has yet to interview the couple" notwithstanding that they have "repeatedly contacted USCIS to inquire about a decision, and they have received only boilerplate responses."[9]

On February 5, 2024, the removal proceedings against Mr. Patel—which ostensibly prevented USCIS from adjudicating his I-485 application—were dismissed by an immigration judge.[10]

---

[3] ECF No. 5-2 (Declaration of Courtney Iwejor, Field Office Director, USCIS) ¶13.
[4] *Id.*
[5] *Id.* ¶ 7.
[6] *Id.* ¶ 8; *see also* ECF No. 1 ¶ 15.
[7] ECF No. 5-2 (Declaration of Courtney Iwejor, Field Office Director, USCIS) ¶ 9.
[8] *Id.* ¶ 10; *see also* ECF No. 1 ¶ 16.
[9] ECF No. 1 ¶¶ 17-19.
[10] ECF No. 5-2 (Declaration of Courtney Iwejor, Field Office Director, USCIS) ¶ 11. Only upon dismissal of the removal proceedings did USCIS have jurisdiction to adjudicate the Form I-485 application. *Id.* ¶ 12.

In January 2025, when their adjustment of status applications allegedly had been pending for 47 months, the Patels filed this lawsuit seeking relief under the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.* (the "APA") for USCIS's alleged unreasonable delay in adjudicating their Forms I-130 and I-485. Specifically, the Patels request that the Court declare the delays unreasonable and compel USCIS to make a final decision on each pending application within 30 days of the interview.[11]

First, USCIS moves to dismiss as moot Mrs. Patel's claim regarding unreasonable delay in adjudicating her I-130 petition, given that USCIS already adjudicated and approved the I-130 petition. Second, USCIS moves to dismiss the Patels' claim of unreasonable delay in adjudicating Mr. Patel's Form I-485 adjustment of status petition because Plaintiffs fail to identify the law that creates their alleged cause of action in order to invoke the Court's general grant of subject matter jurisdiction under 28 U.S.C. § 1331. USCIS submits that Plaintiffs' displeasure with the pace of USCIS's adjudication of the I-485 petition is inappropriate for judicial intervention for several interrelated reasons: (1) by statute, adjustment of status is committed to the unfettered discretion of the Secretary; (2) neither the Immigration & Nationality Act ("INA" or the "Act") nor the applicable regulations specify a time frame within which such an application must be adjudicated; (3) the Act expressly removes adjustment of status decisions from judicial review; (4) the discretionary nature of the process renders mandamus and review under the APA inappropriate. USCIS invokes *Cheejati v. Blinken*, in which a

---

[11] ECF No. 1 ¶¶ 107-112.

relatively recent Fifth Circuit panel held that this sort of pace-of-adjudication claim must be dismissed without prejudice for lack of jurisdiction. 106 F.4th 388 (5th Cir. 2024).

Alternatively, if not dismissed for lack of jurisdiction, USCIS also submits that the Patels' claims must be dismissed under Rule 12(b)(6) for failure to state a claim for relief. Finding that it lacks jurisdiction, the Court need not reach this alternative dismissal ground. *Cf. Kewayfati v. Bondo*, --- F.4th ---, 2026 WL 100809, at *8-9 (5th Cir. Jan. 14, 2026) (concluding that dismissal for lack of jurisdiction is the proper disposition for challenges to non-final agency action because "our circuit views the lack of final agency action as a jurisdictional defect that bars judicial review").

## II.   LAW AND APPLICATION

### A.  Procedural Legal Standard

Rule 12(b)(1) permits a party to raise the defense of lack of subject matter jurisdiction at any time. FED. R. CIV. P. 12(b)(1), 12(h)(3). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A court's determination that it lacks subject matter jurisdiction may be based on (1) the complaint; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.* at 287 (citing *Ramming v. United States*, 281 F.3d

4

158, 161 (5th Cir. 2001)). The plaintiff bears the burden of proof that jurisdiction exists. *Id.* at 286 (citation omitted). Ultimately, only if it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief should the Court grant a defendant's motion to dismiss for lack of subject matter jurisdiction. *Id.* at 287 (citation omitted).

## B. Justiciability: The Claim to Adjudicate the I-130 Petition Is Moot.

Article III of the Constitution limits the federal courts' judicial authority to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1; *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 559 (1992). This actual controversy "requirement persists through all stages of federal judicial proceedings." *See Dierlam v. Trump*, 977 F.3d 471, 476 (5th Cir. 2020); *see also Shemwell v. City of McKinney, Texas*, 63 F.4th 480, 483 (5th Cir. 2023) (citing *Honig v. Doe*, 484 U.S. 305, 317, 108 (1988)) (federal courts "may only adjudicate actual, ongoing controversies"); *see also United States v. Sanchez-Gomez*, 584 U.S. 381, 385-86 (2018) (citation omitted) ("A case that becomes moot at any point during the proceedings is 'no longer a 'Case' or 'Controversy' for purposes of Article III,' and is outside the jurisdiction of the federal courts.").

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted). Mootness, like other justiciability features of subject matter jurisdiction, is claim-specific. *Students for Fair Admissions, Inc. v.*

*Univ. of Tex. at Austin*, 142 F.4th 819, 825 (5th Cir. 2025) (citing *Boudreaux v. La. State Bar Ass'n*, 86 F.4th 620, 629 (5th Cir. 2023)).

Mootness occurs only when it is "impossible for the court to grant 'any effectual relief whatever' to a prevailing party.'" *Students for Fair Admissions, Inc.*, 142 F.4th at 824 (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (citations omitted)). One way in which an issue is no longer live, or it is impossible for the Court to grant relief, is if a change in circumstances eliminates the controversy. *See id.* (affirming district court's dismissal, as moot, of plaintiff's claims for declaratory relief related to university's pre-*Harvard*[12] admissions policy, but reversing district court's dismissal, as moot, of plaintiff's declaratory and injunctive relief claims related to university's revised post-*Harvard* admissions policy, finding the latter to be live claims); *see also Dierlam v. Trump*, 977 F.3d at 476 ("If an intervening event renders the court unable to grant the litigant any effectual relief whatever, the case is moot.").

It is "'beyond dispute that a request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined.'" *Copeland v. Livingston*, 464 F. App'x 326, 330 (5th Cir. 2012) (quoting *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir.1998)). Moreover, "[p]ast exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).

---

[12] *Students for Fair Admissions, Inc., v. President & Fellows of Harvard College* ("*Harvard*"), 600 U.S. 181, 231 (2023).

Pertinent to the immigration context here, courts dismiss cases as moot where the executive agency to which the plaintiff has applied grants the relief sought in the complaint. *See, e.g., Bian v. Clinton*, 2010 WL 3633770 (5th Cir. Sept. 16, 2010) (unpublished) (granting motion to dismiss petitioner's appeal as moot and remanding to district court with instructions to dismiss as moot since "the government has adjudicated her application" for adjustment of status); *Silva v. U.S. Citizenship & Immigr. Servs.*, No. 13-8920, 2015 WL 2330304, at *3 (S.D.N.Y. Mar. 26, 2015) (dismissing as moot lawsuit seeking adjudication of I-130 where USCIS issued notice to revoke the I-130 while the lawsuit was pending).

These authorities squarely govern Mrs. Patel's claim regarding her I-130 petition. USCIS approved Mrs. Patel's I-130 petition on March 27, 2023.[13] Accordingly, the Patels' request for injunctive relief to compel agency action on relief that has been granted is clearly moot and must be dismissed without prejudice.

### C. This Court Lacks Jurisdiction to Compel Adjudication, Much Less to Compel Prompt Adjudication by USCIS of the I-485 Petition.

That the INA expressly provides that particular executive actions (or inactions) fall within the Attorney General's discretion and are not subject to judicial review is dispositive of this Court's jurisdictional inquiry. Because the INA strips this Court of jurisdiction to review USCIS's decision (or pace of decision), Plaintiffs' claim seeking prompt adjudication of the I-485 petition must be dismissed without prejudice.

---

[13] ECF No. 5-2 (Declaration of Courtney Iwejor, Field Office Director, USCIS) ¶ 9.

Adjustment of status is a process by which an alien residing in the United States seeks to change his status to that of lawful permanent resident without leaving the United States. *See Marques v. Lynch*, 834 F.3d 549, 554 (5th Cir. 2016) (citation omitted). A lawfully present immigrant may request permanent resident status by filing an I-485 application with USCIS. Under the INA, Congress conferred upon the Attorney General (whose authority has been delegated in relevant part to USCIS) the "discretion" to adjust the status of an alien to lawful permanent resident. See 8 U.S.C. § 1255(a).[14] No time frame for acting on an I-485 is provided.

What is more, the INA strips courts of jurisdiction over individual immigration decisions or actions vested within the executive branch's discretion. "[J]urisdiction stripping" provisions of the INA explicitly remove the process from the ambit of judicial review. *See* 8 U.S.C. § 1252(a)(2)(B) ("[N]o court shall have jurisdiction to review (i) any judgment regarding the granting of relief under section . . . 1255[;] or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]"); *see also Patel v. Garland*, 596 U.S. 328, 347 (2022) (interpreting § 1252(a)(2)(B)(i)).

---

[14] Section 1255(a) provides:

> The status of an alien who was inspected and admitted or paroled into the United States ... may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8

The Fifth Circuit, like every Circuit to consider the question, has thus expressly held that pace of adjudication challenges lodged with respect to adjustment of status petitions must be dismissed for lack of jurisdiction because "the discrete acts undertaken to render an adjustment decision and the timing of those acts are determined by the Attorney General in his discretion, and that discretionary action cannot be reviewed by federal courts." *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024); *see also Kanapuram v. Director, U.S. Citizenship and Immigration Servs.*, 131 F.4th 1302, 1305 (11th Cir. 2025) (citing with approval *Cheejati* and holding on issue of first impression that USCIS policies of deferring adjudication applications for adjustment of status filed by Indian nationals legally present in the United States on employment-based visas until immigrant visa number had been allocated by State Department were discretionary acts subject to INA jurisdiction-stripping provision); *accord Kale v. Alfonso-Royals*, 139 F.4th 329 (4th Cir. 2025) (joining the Third, Fifth, Eight, and Eleventh Circuits in finding that USCIS policy to hold applications for adjustment of status in abeyance until visa number became available was not subject to judicial review and thus affirming the district court's judgment dismissing lawsuit for lack of jurisdiction). The same result is compelled here.

Though the Patels purport to predicate their claim on the APA, neither the APA, Mandamus Act, nor Declaratory Judgment Act provide a jurisdictional predicate to adjudicate their pace of adjudication claim.[15] *See Califano v. Sanders*,

---

[15] *Cf. Kewayfati*, 2026 WL100809, at *4 n.35 (citations omitted) (noting, *inter alia* in the context of a challenge by Venezuelan nations of their nonfinal denials of their affirmative-asylum applications, that the Declaratory Judgment Act provides no independent jurisdictional predicate; the federal

9

430 U.S. 99, 104-07 (1977) (holding "the APA is not to be interpreted as an implied grant of subject matter jurisdiction to review agency actions"); *see also Stern v. S. Chester Tube Co.*, 390 U.S. 606, 608 (1968) (Mandamus Act); *see also Bian v. Clinton*, 605 F.3d 249, 255 (5th Cir. 2010) ("The APA provides for judicial review of government action 'only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take.'"), *vacated on mootness grounds*, 2010 WL 3633770 (5th Cir. Sept. 16, 2010); *see also generally Guliyev v. U.S. Citizenship & Immigr. Servs.*, No. 24-2418, 2025 WL 1898670, at *3-6 (N.D. Tex. July 9, 2025); *see also Isleem v. Peacock*, No. 24-559, 2024 WL 3887511, at *4-8 (E.D. La. Aug. 20, 2024) (Zainey, J.).[16]

As the Fifth Circuit recently observed in affirming dismissal without prejudice for lack of jurisdiction requests to review nonfinal USCIS inaction and delay in a different, asylum application, context: "Federal courts are not a fallback forum for disappointed applicants midstream in their administrative process. Nor does the APA license advisory opinions or premature refereeing of unfinished agency business." *Kewayfati*, --- F.4th ---, 2026 WL100809, at *9. This Court lacks jurisdiction to review the USCIS's pace of adjudicating I-485 petitions. And, this Court lacks jurisdiction to resolve the claim to adjudicate the I-130 petition, which has already been adjudicated.

---

question statute "alone does not provide jurisdiction for agency actions absent a statutory waiver of sovereign immunity").

[16] In any event, "to the extent [the Court's] jurisdictional conclusion is incorrect," Plaintiffs "are still not entitled to a preliminary injunction because they have not shown that they are likely to succeed on the merits of the APA claim" where Plaintiffs "identif[y] no unequivocal mandate with which USCIS has failed to comply." *See Cheejati*, 106 F.4th at 396; *see also cf. Kewayfati*, 2026 WL100809, at *9 ("Federal courts are not a fallback forum for disappointed applicants midstream in their administrative process. Nor does the APA license advisory opinions or premature refereeing of unfinished agency business.").

10

The Patels' claims seeking prompt adjudication shall be dismissed without prejudice for lack of subject matter jurisdiction.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' unopposed motion[17] to dismiss is **GRANTED**. Plaintiffs' claims are hereby **DISMISSED** without prejudice for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 20th day of January 2026.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[17] ECF No. 5.